UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MANNA MINISTRY CENTER, a South Dakota nonprofit corporation, | ) ) ) ) | Civ. 12-4052-KES |
| Plaintiff, | ) ) ) | ORDER GRANTING MOTION FOR SUMMARY REMAND |
| vs. | ) ) | |
| KEVIN AND ESTHER MYERS, | ) ) | |
| Defendants. | ) | |

Defendants, Kevin and Esther Myers (the Myerses), filed a pro se notice of removal of a state court action to federal court on March 23, 2012. Plaintiff, Manna Ministry Center (Manna Ministry), moves for summary remand of the action to state court pursuant to 28 U.S.C. § 1446(c)(4) or in the alternative for a remand order pursuant to 28 U.S.C. § 1447(c). Manna Ministry also asks this court to take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the file in a related state court action in the Second Judicial Circuit, Lincoln County, bearing the caption *Manna Ministry Center v. Jerry and Sonja Adrian*, Civ. 11-647. This court previously remanded that action to state court. *See Manna Ministry Center v. Adrian*, 2012 WL 195522 (D.S.D. January 23, 2012).

**PROCEDURAL HISTORY**

The present action is related to a forcible entry and detainer suit filed pursuant to South Dakota law that arose in the wake of a dispute over a parcel of property in Lincoln County, South Dakota. Manna Ministry filed suit against Jerry and Sonja Adrian. After a judgment was entered in state court, the Adrians attempted to remove the action to federal court. *See Manna Ministry*, 2012 WL 195522.

During the pendency of the Adrian removal proceedings, and while Manna Ministry was thereby stayed from enforcing the judgment, the Adrians allowed Kevin and Esther Myers to have possession of a house on Manna Ministry's property. Manna Ministry commenced a new state court action to evict the Myerses on February 29, 2012. The Myerses filed their answer on March 5, 2012. Manna Ministry moved for judgment on the pleadings or alternatively for summary judgment, request for judicial notice and for expedited special execution. On March 22, 2012, after the state court heard argument on the motion from both parties, it entered an order and judgment granting Manna Ministry's motion. *See* Docket 4-1, 4-2, 4-3. On March 23, 2012, the day after final judgment had been entered in state court, the Myerses removed the suit to this court on the basis of federal jurisdiction purportedly based on the original U.S. Land Patent grant.

**JUDICIAL NOTICE**

Manna Ministry requests that this court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the file in the related state court action in the Second Judicial Circuit, Lincoln County, bearing the caption *Manna Ministry Center v. Jerry and Sonja Adrian*, Civ. 11-647. The Eighth Circuit Court of Appeals has recognized that it is appropriate for federal district courts to take judicial notice of state court files when they are relevant to issues in federal court. *See Knutson v. City of Fargo*, 600 F.3d 992, 1000 (8th Cir. 2010). The state court file is relevant for several reasons. During the pendency of that removal proceeding, Manna Ministry was stayed from evicting the Adrians. That created an opportunity for the Myerses to take possession of the subject property with the assistance of the Adrians. Further, various defenses the Myerses invoked in the underlying state action are predicated on theories of title and ownership that were refuted in the prior state action. The Myerses essentially regurgitate arguments made by Adrians in the previous proceeding. Thus, the Adrians' removal proceeding is relevant to the current proceeding because it places this dispute in its appropriate factual context. Consequently, Manna Ministry's request for this court to take judicial notice of the state court action is granted.

## STANDARD OF REVIEW

Analysis of the propriety of removal requires interpretation of the removal statutes, 28 U.S.C. § 1441 *et seq.*, in order to determine whether the case could have originally been filed in federal court. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997). The right to remove a case from a state court to a federal court is purely statutory. *See* 14B Charles Alan Wright et. al, *Federal Practice and Procedure: Jurisdiction* § 3721 (4th ed. 1998). Many federal courts strictly construe a motion to remove and resolve all doubts in favor of remand. *See, e.g., Cotton v. South Dakota by and through the S.D. Dep't of Social Servs.*, 843 F. Supp. 564, 568 (D.S.D 1994) ("If the propriety of removal is doubtful, the case is to be remanded."). The subject matter jurisdiction of this court may derive from the citizenship of the parties, *see* 28 U.S.C. § 1332, a federal question posed by the underlying lawsuit, *see* 28 U.S.C. § 1331, or special circumstances covered by federal statute. Because the parties are both citizens of South Dakota and none of the statutory grounds for removal apply, this action is removable only upon a showing that "federal question" jurisdiction exists, as set forth in § 1441(b).

## DISCUSSION

Manna Ministry seeks a summary remand to state court pursuant to 28 U.S.C. § 1446(c)(4) or a remand order pursuant to 28 U.S.C. § 1447(c). Section 1446(c)(4) directs this court to examine a notice of removal and "[i]f it appears on the face of the notice and any exhibits annexed thereto that removal should

not be permitted, the court shall make an order for summary remand." Manna Ministry argues that remand to state court is appropriate under this section because removal to federal court after a judgment has been issued in state court is improper. Section 1447(c) requires a district court to remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Manna Ministry argues that remand is required under this section because the Myerses' stated basis for removal does not "arise under" federal law.

I.   **Removal After Judgment has been Issued is Improper**.

Manna Ministry argues that the case should be remanded pursuant to § 1446(c)(4) because removal to federal court after a judgment has been issued in state court is improper. The entry of judgment in state court precludes removal to federal court. *See Ohio v. Doe*, 433 F.3d 502, 506 (6th Cir. 2006) (holding district court erred in denying motion to remand because final judgment had been entered in state court and issuance of a new subpoena was not a second action that was removable); *Mestice v. McShea*, 201 F.2d 363 (3d Cir. 1953) (holding that removal to federal court after the entry of final judgment in a state court action was improper); *see also Thorp Finance Corp. v. Lehrer*, 587 F. Supp. 533, 534 (E.D. Wis. 1984) ("[A] case may not be removed from a state court to a federal court after the state court enters a final judgment that terminates the litigation.") (citing *Mestice*, 201 F.2d at 364); 14B Charles

Alan Wright et. al., *Federal Practice and Procedure: Jurisdiction* § 37221 (4th ed. 2012) ("[D]efendants may not remove a case from a state court to a federal court after the state court has entered a final judgment that terminates the litigation."). As the Court of Appeals for the Second Circuit observed in *Four Keys Leasing & Maintenance Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988), "it would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation."

Although this is an issue of first impression in the Eighth Circuit, the court considered a similar sequence of events, albeit under much different circumstances, in *Dewey v. Lutz*, 930 F.2d 597 (8th Cir. 1991). There, the FDIC took over a failed bank and attempted to remove a suit in which the bank was listed as one of three defendants after the suit had gone to trial and plaintiffs had obtained a judgment. The case was on appeal before the North Dakota Supreme Court when the FDIC sought removal pursuant to 12 U.S.C. §§ 1819(b)(1), (b)(2)(A), and (b)(2)(B). The district court denied removal and remanded the case back to state court. The Eighth Circuit affirmed on other grounds, concluding that the plaintiffs had abandoned their claim against the bank and, by extension, the FDIC, after recovering an amount nearly sufficient to cover the judgment from a co-defendant. Nonetheless, the district court's analysis proves instructive here.

The district court determined that a case could not be removed from a state court to a federal court after the state court entered a final judgment which terminated litigation. *Dewey*, 930 F.2d at 598-99 (citing *Mestice*, 201 F.2d at 363; *Thorp Finance Corp.*, 587 F. Supp. at 533). It reasoned that "if removal were granted, it would be sitting as an appellate court reviewing a state court decision" and concluded that "[s]uch a scenario offended the district court's senses of comity and federalism." *Id.* at 599. The same concerns are implicated here. The court adopts this reasoning and joins the Sixth, Second, and Third Circuits and holds that removal after a final judgment has been entered in state court is improper. Thus, Manna Ministry's motion for a summary remand is granted pursuant to 28 U.S.C. § 1446(c)(4)

## II. The Myerses' Stated Basis for Removal Does Not "Arise Under Federal Law."

Even if the Myerses had not waited until after the state court issued a final judgment to remove this action to this court, removal would be improper because the Myerses' stated basis for removal does not "arise under federal law." The Myerses' stated basis for removal is 28 U.S.C. § 1441(b), which is the removal statute. They also appear to be arguing that this court has subject matter jurisdiction over their claim because the land in question was an original U.S. Land Patent grant. *See* Docket 7 at 1 ("Judge Larry Long in state court admitted in open court that the matter with the 'Land Patent' is a federal issue

and he cannot make rulings relating thereto.") The Myerses cite no authority in support of this position.

"A defendant generally is required to cite the proper statutory basis for removal and to allege facts from which a district court may determine whether removal jurisdiction exists." *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 778 (8th Cir. 2009). On the civil cover sheet the Myerses completed when filing their Notice of Removal, the Myerses were asked to identify the civil statute under which they were filing. The Myerses listed § 1441(b), standing alone, as the basis for jurisdiction. This is insufficient, because it does not identify the independent statutory basis under which the putative claim or right arises. While failure to provide a proper statutory basis is not always jurisdictionally fatal, such forgiveness is limited to cases where the jurisdictional requirements have been met. *See Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). That is not the case here.

"Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Pet Quarters*, 559 F.3d at 779. The complaint here raises no issues of federal law. Nor does adjudication of the only state-law claim it contains "turn on a federal constitutional or other important federal question." *Id.* (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986)). The fact that the land

in question derives from a federal land grant patent does not create federal jurisdiction or create a substantial question of federal law; the resolution of this case does not turn on the interpretation of the federal land grant patent. Thus, subject matter jurisdiction cannot be predicated on 28 U.S.C. § 1441(b), the language of which tracks the "arising under" statute, 28 U.S.C. § 1331. Therefore, it is

ORDERED that Manna Ministry's motion for a summary remand (Docket 4) is granted pursuant to 28 U.S.C. § 1446(c)(4).

IT IS FURTHER ORDERED that in the alternative, Manna Ministry's motion to remand (Docket 4) is granted pursuant to § 1447(c).

Dated May 31, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE